W. E. Denniston v. Commissioner.
W. Denniston v. Commissioner
Docket No. 2315.
United States Tax Court
1945 Tax Ct. Memo LEXIS 14; 4 T.C.M. (CCH) 1095; T.C.M. (RIA) 45368; December 14, 1945
Tim J. Campbell, Esq., 505 Maytag Bldg., Newton, Ia., for the petitioner. Harlow B. King, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in the income tax of this petitioner for the calendar years 1940 and 1941 in the respective amounts of $85.82 and $1,532.46. The only issue remaining for consideration is whether the deduction of payments aggregating $2,894.06 made by the petitioner to his six grandchildren during the year 1941 as interest on indebtedness was properly disallowed by the Commissioner. Findings of Fact The petitioner, an individual, is a resident of Newton, Iowa. He filed his income tax returns for the calendar years 1940 and 1941 with the collector of internal revenue at Des Moines, Iowa. His *15 income was reported on the cash basis. The petitioner married Lizzie E. Wilson in 1892 and they lived together as husband and wife until her death on June 16, 1932. The petitioner's wife inherited certain real and personal property from her father and mother who died in 1879 and 1906 respectively. The property was converted into cash by a series of transactions ending on February 29, 1912, and the cash, amounting to $3,835, was given to the petitioner to handle for his wife. The money thus received by the petitioner was used by him without restriction. There was never any note or evidence of indebtedness given by the petitioner to his wife or requested by her. There was no express agreement whatever with respect to the use or repayment of the money. The petitioner's wife told him a few weeks before she died that she wanted him to give $1,000 to each of their six grandchildren. She requested that this be done as soon as possible after her death. No mention was made at that time of the money which had been turned over to the petitioner by his wife. No one other than the petitioner and his wife was present. The petitioners' wife left no will. Her estate was not probated. She had no *16 property at the time of her death with the exception of whatever rights she then had with respect to the money she had turned over to her husband. The petitioner provided his wife with whatever money she requested during her lifetime for her personal use and expenses. The petitioner, after the death of his wife, told his two sons, who were parents of the six minor grandchildren, of his wife's desire that each of the grandchildren should be given $1,000. The petitioner suggested that he continue to use the money and pay the grandchildren interest. The sons indicated their approval. No tender was made to the sons or grandchildren. There was never any note or written evidence of any agreement between the petitioner and his sons or between the petitioner and any of the grandchildren. The petitioner executed a will on September 15, 1939 in which he referred to each of the grandchildren by name and stated that when each of them "shall have reached the age of twenty-one years, I give the sum of One Thousand Dollars ($1,000.00). I make this gift because it was discussed by my deceased wife, Lizzie E. Denniston, and myself during her lifetime and because of her request that it be done. *17 I desire that there be added to each of the said One Thousand Dollar gifts five per cent straight interest from June 16, 1932, the date of my said wife's death to a date one year subsequent to my own death." The petitioner paid $1,500 each to five of his grandchildren and $394.06 to the sixth on December 31, 1941. He had previously paid $1,000 to the eldest grandson. He considered that $1,000 of the amount paid to each of the grandchildren represented the amount he had promised his wife to pay them and that the excess represented interest from the date of his wife's death. These payments were made in 1941 because of the petitioner's advanced age and his desire to keep his affairs liquid and because he wanted to get the money out of his estate. The payments which the petitioner regarded as interest, totaling $2,894.06, were claimed by him as a deduction on his income tax return for 1941. Opinion MURDOCK, Judge: Section 23(b) of the Internal Revenue Code permits the deduction from gross income of "interest paid or accrued within the taxable year on indebtedness * * *." The deduction is not allowable unless the taxpayer proves not only that the interest was *18 paid or accrued, but also that the payment of interest was based on an unconditional and legally enforceable obligation. W. S. Gilman, 18 B.T.A. 1277, affirmed (C.C.A. 8), 53 Fed. (2d) 47; Ernst Kern Co., 1 T.C. 249, 270. The payments made by this petitioner and claimed to be deductible as interest were not based upon a legally enforceable obligation of the petitioner. They were based solely upon obligations which the petitioner gratuitously incurred and upon which he was only morally bound. The evidence does not support the contention that the petitioner's promise to his wife prior to her death was intended as in settlement of an obligation to her. It tends, on the contrary, to show that their only intention at the time was that the petitioner himself should make gifts to the grandchildren. This is apparently what he did. The deduction, therefore, should be disallowed, since it was not founded upon an "indebtedness" within the purview of section 23(b), I.R.C.Simon Benson, 9 B.T.A. 279. Decision will be entered under Rule 50.